UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JOSHUA CLAY ADAMS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **vs.** | )   Case No. 5:20-CV-00016-CLS |
| | ) |
| **HUNTSVILLE HOSPITAL,** | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM OPINION

This action is before the court on the motion to dismiss filed by defendant, Huntsville Hospital (doc. no. 10). Plaintiff, Joshua Clay Adams, asserts claims of disability discrimination under Sections 504 and 505 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*; disability discrimination under Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; disability discrimination under the Mental Health Systems Act, 42 U.S.C. § 9501; and seeks "recovery of damages resulting from the deprivation of rights" as authorized by 42 U.S.C. § 1983 under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments of the U.S. Constitution (doc. no. 9). Plaintiff also asserts supplemental state-law claims under Alabama's "Mental Health Consumers Rights Act," Alabama Code § 22-52-7, and Alabama Code § 6-5-170.

Defendant contends that the complaint filed by plaintiff is due to be dismissed

for failure to satisfy the pleading requirements of Federal Rules of Civil Procedures 8(a) and 10(b). Initially, defendant filed a motion for a more definite statement, giving plaintiff an opportunity to submit an amended complaint in compliance with the pleading rules (doc. no. 7), and this court granted that motion (doc. no. 8). Defendant asserts that plaintiff did not take that opportunity seriously, however, and contends that his amended complaint is still an impermissible, "shotgun" pleading that violates the rules of civil procedure. Accordingly, defendant moves to dismiss, with prejudice, plaintiff's federal claims, and to dismiss his state-law claims, without prejudice to plaintiff's right to refile those claims in state court.

Rule 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires a plaintiff to "state [his] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b) (alteration supplied). So-called "shotgun" pleadings violate those rules by "fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Sheriff's Dep't*, 792 F.3d 1313, 1323 (11th Cir. 2015) (alterations supplied).

The Eleventh Circuit has repeatedly condemned "shotgun" pleadings, and demonstrated "little tolerance" for them. *See, e.g.*, *Vibe Micro, Inc. v. Shabanets*, 878

2

F.3d 1291, 1294-95 (11th Cir. 2018); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979-80 & n.54 (11th Cir. 2008) (listing numerous cases). "Shotgun" pleadings "waste scarce judicial resources, 'inexorably broaden[ ] the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine[ ] the public's respect for the courts.'" *Vibe Micro*, 878 F.3d at 1295 (quoting *Davis*, 516 F.3d at 981-83).

The Eleventh Circuit's opinion in *Weiland* identified four categories of "shotgun" pleadings:

> **[*i*]** The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. **[*ii*]** The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, immaterial facts not obviously connected to any particular cause of action. **[*iii*]** The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim of relief. **[*iv*]** Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland*, 792 F.3d at 1321-23 (bracketed alterations supplied, footnotes omitted). Plaintiff's amended complaint fits into the first three categories.

Plaintiff's original complaint was 52 pages in length, contained 143

3

paragraphs, and was divided into twelve counts (doc. no. 1). Instead of narrowing his claims when ordered by this court to file a more definite statement, plaintiff used the amended complaint as an opportunity to expand the statement of his claims to 72 pages, 242 paragraphs, and fifteen counts (doc. no. 9). The amended complaint removes the paragraphs expressly adopting all prior allegations (*see* doc. no. 1, ¶¶ 31, 46, 68, 71, 98), but instead states that all counts "derive from the same set of operative facts" (doc. no. 9, ¶ 43). It also recites anew the factual allegations in each count (*see, e.g., id.* at ¶¶ 56-68, 91-102, 106-07, 114-24, 126-31, 133-41, 145-48, 150-52, 188-209, 212-13, 215-19). This type of complaint causes confusion and makes it impossible to know which factual allegations support which count. *See, e.g., Cramer v. Florida*, 117 F.3d 1258, 1261 (11th Cir. 2015) (describing the complaint as "a rambling 'shotgun' pleading that is so disorganized and ambiguous that it is almost impossible to discern precisely what it is that these appellants are claiming"); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (finding a shotgun pleading where "a reader of the complaint must speculate as to which factual allegations pertain to which count"); *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (describing complaint as "perfect example of 'shotgun' pleading in that it [was] virtually impossible to know which allegations of fact [were] intended to support which claim(s) for relief")

(citation omitted, alterations supplied).

In line with the second *Weiland* category, plaintiff's amended complaint contains multiple paragraphs of legal conclusions and arguments disguised as "facts" (*see, e.g.*, doc. no. 9, ¶¶ 54-55, 76, 89-90, 109, 143, 167). Plaintiff also quotes lengthy sections of federal and state statutes and regulations, and offers conclusory arguments (*see, e.g.*, *id.* at ¶¶ 44-51, 70-87, 104-05, 125, 132, 186-87, 211). This style of pleading is unacceptable in this Circuit. *See, e.g.*, *Harrison v. Bd. of Regents of Univ. Sys. of Ga.*, 519 F. App'x 641, 643 (11th Cir. 2013) (affirming dismissal where amended complaint "contained conclusory legal allegations, did not allege specific facts in support of the distinct causes of action, and, at 82 pages and 295 paragraphs in length, could not be characterized as 'a short and plain statement of the claims showing that the pleader is entitled to relief'") (citation omitted); *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (affirming dismissal where complaint was "quintessential 'shotgun' pleading replete with . . . rambling legal conclusions").

Plaintiff's amended complaint also falls into the third *Weiland* category: that is, the claims are not properly separated into different counts. Although plaintiff now labels his counts, they are hardly clearer or more accurate. Counts 1 and 2 assert claims under the Rehabilitation Act of 1973 and the Americans with Disabilities Act,

but these counts also contain allegations of false imprisonment and denial of liberty without due process under the U.S. Constitution and "Alabama statutes cited later in [the] Complaint" (doc. no. 9, ¶¶ 55, 87, 90).[1] Count 4 contains references to enumerated and unenumerated "substantive due process" claims under various constitutional amendments (*id.* at ¶ 111). Count 11 is a compilation of many of the alleged constitutional claims (*id.* at ¶¶ 164-80). This type of "shotgun" pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Defendant "is not expected to frame a responsive pleading" against such a complaint. *Anderson*, 77 F.3d at 366.

In addition to plaintiff's violations of the Federal Rules of Civil Procedure, he asserts several non-justiciable constitutional claims.[2] Plaintiff also ignores the heightened pleading requirements under the Alabama Medical Liability Act, Ala.

---

[1] *See also* doc. no. 9, ¶ 76 ("The prohibited discrimination occurred because of the perceived disability of Plaintiff as evidence by the involuntary admission of Plaintiff into Defendant's mental health facility; continued false imprisonment and violation of the Plaintiff's rights **under Alabama state law all in reliance.**").

[2] The Fifth Amendment of the U.S. Constitution does not apply to Huntsville Hospital because it is not a federal actor. *See Overcash v. Shelnutt*, 753 F. App'x 741, 746-47 (11th Cir. 2018). The Sixth and Eighth Amendments apply only to criminal matters. *See United States v. Reese*, 775 F.3d 1327, 1329 (11th Cir. 2015); *K.M. v. Ala. Dep't of Youth Servs.*, 360 F. Supp. 2d 1253, 1258 (M.D. Ala. 2005). The Ninth Amendment provides no private right of action. *C.S. v. Thomas*, No. 5:14-cv-01022-AKK-JEO, 2016 WL 2605531, at *6 (N.D. Ala. Apr. 8, 2016) (citing *Jenkins v. Comm'r of Internal Revenue Serv.*, 483 F.3d 90, 92 (2d Cir. 2007)).

Code § 6-5-551 (1975) (2014 Replacement Vol.), by frivolously claiming that "Huntsville Hospital is not covered by the provisions of the [Act, and that the] causes of action do not originate or stem from the Defendant's medical care or treatment" (doc. no. 9, ¶ 3). Huntsville Hospital is clearly a hospital as defined by Ala. Code § 22-21-20, and as applied to the Alabama Medical Liability Act by Ala. Code § 6-5-481(7). Further, plaintiff's various factual allegations all involve the medical treatment he received at Huntsville Hospital, and Count 12 is based on plaintiff's rights in relation to the receipt of mental health services under the Alabama Mental Health Consumer's Rights Act, Ala. Code § 22-56-4 (*see* doc. no. 9, ¶¶ 186-209).

Plaintiff received an opportunity to correct his "shotgun" pleading, and to submit a complaint in compliance with the Federal Rules of Civil Procedures 8(a) and 10(b). Instead, plaintiff submitted an even longer and still convoluted complaint. The court is not required to give plaintiff any more opportunities. *See Automotive Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 16-13596, 2020 WL 1074420, at *14 (11th Cir. Mar. 6, 2020); *Vibe Micro*, 878 F.3d at 1296; *see also GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that courts do not construe a pleading drafted by counsel with the same leniency afforded to *pro se* litigants).

## CONCLUSION

For all the foregoing reasons, this court concludes that plaintiff's amended complaint is an impermissible "shotgun" pleading, and the defendant's motion to dismiss is due to be granted.

An order consistent with this memorandum of opinion will be entered contemporaneously herewith.

**DONE** this 18th of March, 2020.

_____
Senior United States District Judge